failed to deal specifically with an alleged fraud in the inducement of a January 10, 1969 contract between the parties. But Wolfson had made only incidental and somewhat vague references to this allegation in his lengthy complaint and did not present the issue in the trial court as one having any substance. We are satisfied that Judge Palmieri considered and correctly resolved the claim and properly concluded that there was no genuine issue as to any material fact.

of the National Labor Relations Board, published at 190 N.L.R.B. No. 138. The Board has filed a cross application for enforcement of its order. Reference is made to the published decision of the Board for a recitation of the relevant facts.

Upon consideration, the court finds that the decision of the Board is supported by substantial evidence on the record considered as a whole.

Accordingly, it is ordered that the decision of the Board be enforced.

**ZENITH PLASTICS COMPANY,
Petitioner,**

v.

**NATIONAL LABOR RELATIONS
BOARD, Respondent.**

No. 71-1625.

United States Court of Appeals,
Sixth Circuit.

Feb. 10, 1972.

F. N. Acker, Cleveland, Ohio, for petitioner on brief.

Jane Pasachoff, N.L.R.B., Washington, D. C., Peter G. Nash, Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Eugene Granof, Atty., N.L.R.B., Washington, D. C., on brief, for respondent.

Before PHILLIPS, Chief Judge, PECK, Circuit Judge, and KEITH, District Judge.*

ORDER.

This case is before the court upon a petition to review and set aside the order

---

* Honorable Damon J. Keith, Judge, United States District Court for the Eastern District of Michigan, sitting by designation.

**Immie PRIDDY, Independent Executrix
of the Estate of Donald O. Priddy,
Deceased, Plaintiff,**

v.

**TALLEY, INCORPORATED, Defendant-
Third-Party Plaintiff-Appellant,**

v.

**UNITED STATES of America,
Third-Party Defendant-
Appellee.**

No. 71-3282
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

March 2, 1972.

Before BELL, DYER and CLARK,
Circuit Judges.

PER CURIAM:

Affirmed. See Local Rule 21.[1] The district court correctly held that Feres

---

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5 Cir., 1970, 431 F.2d 409.

1. See NLRB v. Amalgamated Clothing Workers of America, 5 Cir., 1970, 430 F.2d 966.